■ Town of Oyster Bay, Appellant, v Commander Oil Corporation, Doing Business as Commander Terminals, et al., Respondents. [670 NYS2d 876] —In an action to permanently enjoin the defendant Commander Oil Corporation doing business as Commander Terminals from dredging certain underwater land, the plaintiff appeals from an order of the Supreme Court, Nassau County (O'Connell, J.), dated April 7, 1997, which denied its motion for a preliminary injunction and, in effect, granted the cross motion of Commander Oil Corporation for summary judgment dismissing the complaint.

Ordered that the order is reversed, with costs, the cross motion is denied, and the matter is remitted to the Supreme Court, Nassau County, for a de novo determination of the plaintiff's motion in accordance herewith.

The defendant Commander Oil Corporation doing business as Commander Terminals (hereinafter Commander) operates an oil terminal and storage facility on upland property it owns on Oyster Bay Harbor (hereinafter the harbor). The facility includes a dock used to accommodate barges. The land under the harbor is owned by the plaintiff Town of Oyster Bay (hereinafter the Town).

In 1994 Commander applied to the New York State Department of State, the New York State Department of Environmental Conservation, and the United States Army Corps of Engineers for permission to perform "maintenance dredging" of

the basins on the east and west sides of its dock. The Town commenced this action to enjoin Commander from dredging the harbor, and immediately sought a preliminary injunction. Commander cross-moved for summary judgment dismissing the action. The Supreme Court denied the motion and determined that the Town had no right to prevent Commander from dredging, which, in effect, granted Commander's cross motion.

We disagree. As the owner of upland located on the harbor, Commander's riparian/littoral rights include the right of reasonable access to the navigable waters of the harbor (*see, Trustees of Town of Brookhaven v Smith*, 188 NY 74; *Rumsey v New York & New England R. R. Co.*, 133 NY 79; *Bravo v Terstiege*, 196 AD2d 473). Such a right, however, does not equate with ownership of the land beneath the harbor, and Commander may not interfere with the Town's ownership of the underwater land so long as its right of reasonable access has not been invaded (*see, Hedges v West Shore R. R. Co.*, 150 NY 150). In its cross motion for summary judgment, Commander failed to demonstrate that the conditions of the harbor were such that the dredging was necessary in order to preserve its right of access (*see, Zuckerman v City of New York*, 49 NY2d 557, 562).

Apparently because the Supreme Court found no merit to the Town's claim for a permanent injunction, the court did not consider whether the Town was entitled to a temporary injunction (*see,* CPLR 6301). We remit the matter to the Supreme Court for consideration of the relevant factors (*see, Aetna Ins. Co. v Capasso*, 75 NY2d 860) in light of our determination. Mangano, P. J., Copertino, Thompson and McGinity, JJ., concur.